IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TABATHA R. DRAKE, § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | CASE NO. 1:24-cv-01562 | |
| § | | |
| BUC-EE'S, LTD., BUC-EE'S § | | |
| MANAGEMENT, LLC, and BUC- § | JURY TRIAL REQUESTED | |
| EE'S SERVICES, LLC, individually § | | |
| and collectively d/b/a, BUC-EE'S, § | | |
| *Defendants*. § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TABATHA R. DRAKE**, hereinafter referred to as "Plaintiff" or "Drake," complains of **BUC-EE'S, LTD., BUC-EE'S MANAGEMENT, LLC, and BUC-EE'S SERVICES, LLC, individually and collectively d/b/a BUC-EE'S**, collectively referred to as "Defendant" or "Buc-ee's," and would show the Court and jury as follows:

#### SUMMARY OF COMPLAINT

1. This is a suit alleging violations of the Federal and Texas state laws regarding disability discrimination (actual, regarded as, history, and failure to reasonably accommodate), FMLA discrimination, retaliation; and seeking damages for loss of pay, compensatory damages, FMLA damages, attorney fees, punitive damages, FMLA liquidated damages, and equitable relief.

#### PARTIES

2. Plaintiff, Tabatha R. Drake, is an adult female resident and citizen of the state of Texas.

3. Defendant BUC-EE'S, LTD. is a for-profit limited partnership doing business in Texas. Defendant may be served with process by causing a certified copy of this Original Complaint and summons to be served upon Defendant's registered agent for service of process in Texas, C T CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900, DALLAS, TX 75201-3136.

4. Defendant BUC-EE'S MANAGEMENT, LLC is a for-profit limited liability company doing business in Texas. Defendant may be served with process by causing a certified copy of this Original Complaint and summons to be served upon Defendant's registered agent for service of process in Texas, C T CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900, DALLAS, TX 75201-3136.

5. Defendant BUC-EE'S SERVICES, LLC is a for-profit limited liability company doing business in Texas. Defendant may be served with process by causing a certified copy of this Original Complaint and summons to be served upon Defendant's registered agent for service of process in Texas, C T CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900, DALLAS, TX 75201-3136.

**SUIT IN ASSUMED NAME / MISNOMER / TOLLING**

6. Defendant is an entity with whom Plaintiff was employed from November 10, 2021. Plaintiff brings this suit against the entity with whom Plaintiff was employed at all relevant times described herein. Plaintiff alleges and believes that the entity or entities with whom she was employed and who is responsible for the causes of action alleged herein did business under the following common or trade names and are being sued under these names: Buc-ee's, Ltd. d/b/a Buc-ee's. Should it

be determined that the entity which employed Plaintiff and terminated her from employment was doing business under another or different name(s), Plaintiff reserves the right to amend this petition and name any such entity under the other name(s). Plaintiff further asserts that any error in the name of Defendant is one of misnomer, not misidentification, and would demand proof of lack of notice, prejudice, and surprise should Defendant claim that the wrong entity has been named. In that instance, Plaintiff would further assert that all applicable theories of limitations tolling should apply, including, without limitation, equitable tolling, the Discovery Rule, and/or fraudulent concealment.

## JURISDICTION / VENUE

7. Federal jurisdiction of the alleged causes of action is based on 28 U.S.C. § 1331 by way of Plaintiff hereinafter alleging violations of federal law as further stated below.

8. Jurisdiction of the Texas state causes of action alleged under *Texas Labor Code*, Chapter 21 is proper pursuant to the Court's supplemental jurisdiction under authority of 28 U.S.C. § 1367, because the state law causes of action are so related to the federal claims in the action within such original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

9. This suit is brought under authority of the *Americans with Disabilities Act* (ADA), *as amended by the Americans with Disabilities Act Amendment Act* (ADAAA and the *Texas Labor Code* § 21.001, *et seq*.; § 21.001, *et seq*.; § 21.051; § 21.128; and § 21.055, as amended (TCHRA). At all times relevant to this action, Plaintiff was an

"employee" and Defendant was an "employer" (with more than 500 employees at all relevant times to this suit) as those terms are defined under the above-named laws and statutes. The jurisdiction of the court is also invoked under the *Family and Medical Leave Act* (FMLA), 29 U.S.C. § 2601, *et seq.* At the time of termination hereinafter referred to, and at all times relevant to this suit, including when Plaintiff requested FMLA leave, Plaintiff had worked for Defendant for at least 12 months and at least 1250 hours during the prior 12 months in the state of Texas. At all times pertinent to this suit, Defendant employed at least 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, which employees were located within a 75-mile radius of the Plaintiff's work site.

10. Plaintiff has timely satisfied all jurisdictional administrative remedies which may be required to grant this Court jurisdiction of the causes of action alleged below and the statutes mentioned above.

11.  Venue is proper in the Western District of Texas under 42 U.S.C. § 2000e-5(f)(3) because the facts alleged below, or a substantial portion thereof, occurred in the Western District of Texas ("such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed . . .") and Defendant's general and specific contacts in the Western District of Texas are significant, including because it maintains and operates numerous Buc-ee's stores in said district.

## FACTUAL ALLEGATIONS

12. Plaintiff is a female former employee of Defendant who began working for Defendant as a full-time employee on November 10, 2021. At the time of, and prior to her discharge, Plaintiff was an assistant manager in the deli-department of a Buc-ee's store in Bell County, Texas. Plaintiff was a qualified employee and successfully performed her job functions before, and with reasonable accommodation, after her injury until her illegal termination from employment on December 28, 2022. Plaintiff had no disciplinary actions against her prior to her termination, except for the alleged reason for Plaintiff's termination in 2022.

13. Plaintiff's shoulder was severely injured in a non-work related automobile accident in March, 2022. The injury resulted in a substantial physical impairment to her left shoulder and arm and necessitated her being absent from her job with Defendant for approximately four weeks, after which she returned with work restrictions from her doctor related to her injury. The injury substantially limited the following major bodily functions; i.e., weakening and pain in her skeletal and muscular systems resulting in a substantial impairment to her ability to do manual work and non-work tasks involving her left shoulder and arm, lift with her left shoulder and arm, and push or pull with her left shoulder and arm. The shoulder injury also substantially interfered with her sleeping, concentration of her mind at times because of pain and the medicine she took at times because of the pain from the injury, and performing manual tasks because of extreme pain in the shoulder and arm when using the shoulder and arm. This impairing conditioned described in this

paragraph and above are hereinafter referred to as "Plaintiff's impairment" or "Plaintiff's condition."

14. Plaintiff's impairment to her left shoulder and arm existed on the date of her job termination and the failure of Defendant to reasonably accommodate Plaintiff's impairing disability, as well at all other times relevant to this suit.

15. Plaintiff's condition resulted in her needing a reasonable accommodation, so that she could perform the essential functions of her job with Defendant. These accommodations were set forth by Plaintiff's doctor's written work restrictions, which Plaintiff timely presented to her supervisors; therefore, Defendant's supervisors knew about Plaintiff's impairments and disability. Plaintiff's role at Defendant's facility was as an assistant manager of the deli-department of the store. The store had four assistant managers of said department, each of which could assist or substitute for one another in the functions of the job.

16. On September 22, 2022, Plaintiff met with her District Manager and the Store Manager, in which she informed them of her Department Manager's (Khelly Nunez) unreasonable harassing behavior toward her because of Plaintiff's impairing condition. Nunez would shout and curse at Plaintiff in front of other employees and customers. Nunez's stated reason for the harassment and abuse of Plaintiff was due to Plaintiff's absences related to Plaintiff's condition and the accommodations that were provided to her related to Plaintiff's condition.

17. On December 1, 2022, Plaintiff's doctor renewed her work restrictions limiting any lifting and pulling related to her shoulder and left arm. Plaintiff

submitted the doctor's restrictions again to the benefits department of Defendant. Plaintiff also requested FMLA leave and/or intermittent leave at that time related to Plaintiff's condition.

18.  On December 9, 2022, the Store Manager (Orlando) and the Assistant Store Manager (Jackie) required Plaintiff to come to their office and told Plaintiff that her accommodation was no longer a fit for the company and that she needed to have her doctor change her accommodation/restrictions or she would need to take a leave of absence.

19.  On or about December 14, 2022, Plaintiff was called back into the office by the Store Manager. During this meeting, Plaintiff informed the Store Manager that she had contacted the EEOC regarding violations of the ADA by Defendant and her treatment related to their attempt to not accommodate Plaintiff's condition. The Store Manager continued to demand that she get her accommodation/ restrictions changed by her doctor. Plaintiff informed the Store Manager that she could not make her doctor change her restrictions. Defendant did not enter into any additional interactive process with Plaintiff to attempt to discover any other acceptable accommodation to Plaintiff's condition.

20.  On December 14, 2022, Plaintiff sent an email to Defendant's benefits department requesting FMLA leave and clarifications of the demand by the Store Manager for the change in her accommodation by Defendant.

21.  In response to Plaintiff's email, the benefits department, from which Plaintiff had requested FMLA leave, called her and, instead of discussing any other

accommodation to Plaintiff's condition or the FMLA leave request, brought up an alleged problem issue regarding Plaintiff's health insurance through Defendant, which covered Plaintiff and her spouse. Plaintiff's spouse had been listed as an insured on her health insurance through Defendant for the year before, but he had not used the insurance for any purpose. Defendant inquired about Plaintiff's marital status with her spouse. Defendant then demanded (a year after he was placed on her insurance) for her to sign a document as to her marital status with her spouse. There was a question raised by Defendant as to whether her spouse was previously married and whether he was divorced from this person. Before signing the document, Plaintiff was up-front with Defendant about this issue and investigated it to the best of her ability, in the time she had, and from the results of her investigation believed that her spouse had not been legally married to this woman in the past, since there was no filing of a marriage license with the appropriate authority or of any record of divorce. Based on Plaintiff's investigation and the information from her spouse, she signed the document required by Defendant in a good faith belief her spouse had not been legally married to someone else before her.[1] However, after Plaintiff signed the document, Defendant claimed that Plaintiff had fraudulently misrepresented her relationship with her spouse. Plaintiff denies making any such misrepresentation.

22. Allegedly based on the claim that Plaintiff misrepresented her marriage with her spouse, Defendant used this situation as a pretext to discharge Plaintiff on

---

[1] Plaintiff and her spouse had been living together as husband and wife for several years prior to working for Defendant and held themselves out to the public as husband and wife, so that they correctly believed, in good faith, that they had a valid common-law non-ceremonial marriage under the law of the state of Texas.

December 28, 2022 in order to rid itself of the problem Plaintiff was presenting to them with her complaints of discrimination, her disability, her FMLA leave request, and/or the reasonable accommodation her disability required.

## CAUSES OF ACTION

***Violations of the ADA/ADAAA, Texas Labor Code Chapter 21, and the FMLA***

23. Plaintiff alleges that the actions by Defendant described above in the facts sections were a motivating factor and/or a cause for Defendant terminating her on the basis of an *actual disability, a history of,* and/or being *regarded as having a disability*, and *retaliation* for exercising her protected rights, as defined under the the *Americans with Disabilities Act of 1990*, 42 U.S.C. Ch.21 § 12101, *et seq.* (*ADA*), *as amended by the Americans with Disabilities Act Amendments Act of 2008* (*ADAAA*) and its regulations;*);* the *Texas Commission on Human Rights Act, V.T.C.A. Labor Code* §§ 21.001, *et seq.* (*TCHRA)* and/or retaliation/discrimination for requesting FMLA leave protected by the *Family and Medical Leave Act (FMLA)*. The allegations in the paragraphs above demonstrate that the "impairing conditions" described above substantially limited one or more major life activities, as this term is defined by *Chapter 21 of the Texas Labor Code*, the ADA/*ADAAA* and the *EEOC* interpretations and regulations of said Acts. The impairing conditions substantially limited, at all relevant times and at the time of her termination intermittently, Plaintiff's major life activities, as more specifically described and set forth above. These impairing conditions also limited the *condition, manner, and/or duration* of Plaintiff's daily activities, as described above. Plaintiff's condition substantially limited Plaintiff's

ability to perform a major life activity described above, as compared to most people in the general population. Despite Plaintiff having these impairing disabilities she could have performed the essential functions of her job with a reasonable accommodation. Plaintiff notified Defendant of her impairing disability shortly after her injury in March 2022 and such disability was obvious to Defendant over the course of her employment after her injury, even up until the day of her discharge from employment and beyond. Defendant discriminated against her and terminated her employment with a motivating factor being the impairing condition. Further, Defendant discriminated against Plaintiff by its *failure and/or refusal to reasonably accommodate or continue to reasonably accommodate* her known physical impairments/disabilities as described above resulting in disability discrimination and her ultimate termination from employment.

24. Also, as described above, Defendant failed and/or refused to engage, or continue to engage, in the *interactive process* with Plaintiff to discover a *reasonable accommodation* to her impairments/disability, beyond the leave she received and the assistance at times by the other assistant managers to do or assist Plaintiff to do, a few manual tasks, such as heavy lifting or pushing and pulling, until her shoulder and arm were able to resume all the tasks and the doctor's work restrictions were removed or lessened. As stated above, Plaintiff's supervisor was trying to remove these accommodations, even though they had previously been allowing Plaintiff to do the essential functions of her job for the limited amount of time necessary, until the work restrictions were removed by her doctor.

25. Also, as described above and in the attached complaint to the TWCCRD, which is labeled Exhibit "A," (incorporated herein at this point as if set out in full), Defendant *retaliated* against Plaintiff by terminating her employment after she engaged in a protected activity by opposing/complaining in good faith to Defendant about the harassment by her supervisor based on her disability, the disability discrimination, and/or the failure to reasonably accommodate her disability or continue accommodating her disability, as well as informing Defendant that she had contacted the EEOC about the discrimination described above.

26. Plaintiff was entitled to take reasonable leave, not to exceed a total of 12 workweeks of leave during any 12-month period, because she was suffering from a serious health condition, as described above, under the FMLA and Title 29 § 825.114 of the Code of Federal Regulations. Plaintiff became qualified to take FMLA leave as of her one-year anniversary of employment, which was on or about November 11, 2022. After becoming qualified for FMLA leave, Plaintiff gave adequate notice of her desire and intent to take medical leave under the FMLA and fulfilled all requirements of the Act and the Defendant to qualify and take FMLA leave. Defendant's failure to grant FMLA leave was interference with Plaintiff's right to take such leave and a violation of the FMLA. Defendant's retaliatory termination of Plaintiff's employment because she requested FMLA leave, or gave notice that she wanted to take such leave, was a violation of the FMLA resulting in damages as hereinafter set forth.

27. In addition to the facts known to Plaintiff and set forth herein, which constitute unlawful discrimination and retaliation, Plaintiff specifically identifies,

under the authority of FRCP 11(b)(3), all of the foregoing allegations in the above numbered paragraphs regarding discrimination, FMLA violations, and/or retaliation, as having evidentiary support, or likely to have additional evidentiary support, after a reasonable opportunity for further investigation and discovery in this case.

## DAMAGES

28. As a result of the causes of action described above, Plaintiff has lost past and future wages and benefits of employment. Further, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, which evidence will be shown to the Court and jury at the appropriate time. Plaintiff hereby sues for reimbursement of said damages.

## FMLA DAMAGES

29. As a result of Defendant's actions as described above in violation of the FMLA, Plaintiff has suffered damages and continues to suffer damages including, but not limited to, past and future lost wages, past and future employment benefits and other benefits lost; and attorney's fees; all of which evidence will be shown to the Court and jury at the appropriate time.

## FMLA LIQUIDATED DAMAGES

30. As a result of Defendant's willful and knowing violation of Plaintiff's rights under the FMLA, Plaintiff is entitled to a sum equal to her actual damages to be awarded under the FMLA as liquidated damages, for which she now sues.

## PUNITIVE DAMAGES

31. Defendant's wrongful action in terminating Plaintiff was done knowingly, intentionally, with malice, and/or recklessly or with gross negligence in violation of Plaintiff's state and federal protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant for all violations of the above-described causes of action, except for the FMLA violations.

## ATTORNEY FEES

32. Plaintiff has also had to employ attorneys to vindicate her rights for being discriminated against and terminated from employment with Defendant. Therefore, Plaintiff seeks reasonable and necessary attorney fees as allowed by law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

33. Plaintiff has satisfied all prerequisites to filing this suit, including exhausting all required administrative remedies. Plaintiff timely filed a formal written complaint with the Texas Workforce Commission-Civil Rights Division (TWCCRD) on a form prescribed by the TWCCRD against Defendant on or about March 28, 2023 alleging discrimination and retaliation, as required by the above referred to statutes, and cooperated with said Commission for at least 180 days during the investigation of the complaint, which time period has been completed. The filing of said complaint and amended complaint with the TWCCRD was also a joint filing for all purposes with the Equal Employment Opportunity Commission (EEOC) under their formal written work sharing agreement. All other conditions precedent to this suit have been performed or have occurred. Plaintiff received a right to file a civil action under § 21.254 of the *TCHRA* from the TWCCRD on December 16, 2024

and has duly filed this lawsuit within 60 days of receiving the right to file a civil action. Plaintiff has requested the right to sue from the EEOC and will receive it prior to the trial of the case.

### INJUNCTION/EQUITABLE RELIEF AGAINST DEFENDANT

34. On a finding that Defendant has engaged in an unlawful practice(s), as alleged above, Plaintiff requests the Court to prohibit by injunction allowed by the TCHRA and/ or the ADA, the Defendant from engaging in the unlawful employment practice(s) and order any and all additional equitable relief as may be appropriate as listed and set out in the above described statutes, including reinstatement to her job, if reasonably possible at the time and under the circumstances then existing.

### JURY DEMAND

35. Plaintiff hereby respectfully requests a trial by jury on all causes of action contained in this Complaint.

### PRAYER

WHEREFORE, Plaintiff requests that on final hearing, Plaintiff be awarded actual and any special damages, as stated above; punitive damages; liquidated damages under the FMLA; attorney fees; costs of court; prejudgment interest; injunctive relief; reinstatement, if reasonably possible; and such other relief; both at law and in equity, as Plaintiff may be justly entitled.

Respectfully Submitted,

By: */s/ Benjamin C. Yelverton*
**BENJAMIN C. YELVERTON**
Texas Bar No. 24084132
**SCANES YELVERTON TALBERT, LLP**
100 Ritchie Road, Suite 101
P. O. Box 20965
Waco, Texas 76702-0965
Phone: (254) 399-8788
Facsimile: (254) 399-8780
Email: yelverton@sytfirm.com

And by: */s/ Danny C. Wash*
**DANNY C. WASH**
Texas Bar No. 20896000
**WASH & THOMAS**
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710
Phone: (254) 776-3611
Facsimile: (254) 776-9217
Email: danwash@washthomas.com

**ATTORNEYS FOR PLAINTIFF
TABATHA R. DRAKE**